## WESTBROOK v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. May 10, 1926. Rehearing Denied June 8, 1926.)

No. 3702.

**I. Contempt ⊚⇒20.**

Superintendent of county jail has duty to obey orders of federal court committing prisoners to his custody, notwithstanding directions of sheriff.

**2. Contempt ⊚⇒60(3).**

Superintendent of jail *held* not shown to have been suffering from deranged mind at time of disobeying writs of commitment, by permitting prisoners to leave jail.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois; James H. Wilkerson, Judge.

Wesley H. Westbrook was found guilty of contempt (13 F.[2d] 269), and he brings error. Affirmed.

James J. Barbour, of Chicago, Ill., for plaintiff in error.

John E. Byrne, of Chicago, Ill., for the United States.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Westbrook was jailer under Sheriff Hoffman, in whose case (No. 3698, 13 F.[2d] 278) opinion is filed this day. There is but one record in the two cases, and, except as to the matters specially raised in defense by Westbrook, the opinion in the Hoffman Case is applicable here.

Westbrook urges: (a) That he was "jobbed" by politicians; (b) that he was mentally irresponsible; (c) that he did no wrong, and, if he did, it was by order of his superior officer, the sheriff. While it is fully apparent from the record that many politicians and political forces were influential in the conduct and management of the Cook county jail, there is nothing in the record that would justify a court in saying that the difficulties in which plaintiff in error here finds himself involved are the result of political jobbery directed against him.

[1] There is much evidence in the record to sustain the charge of contempt against plaintiff in error, aside from any acts committed in obedience to orders or directions from the sheriff. We are of opinion, however, that, had he digressed from the line of his duty at no other time, except when directed by the sheriff, he would still be guilty, because, while the sheriff was his superior officer, Westbrook was a public official, whose first duty was, not to the sheriff, but to obey the orders of commitment.

[2] Because of the very serious and insistent argument that plaintiff in error was, during the time in question, mentally irresponsible, and incapable of determining right from wrong, we have given much care to an examination of the record. While the affidavits of reputable physicians show that he was at times suffering from numerous ailments, yet those affidavits also show that those ailments covered a long period of time, from early manhood up to the time of the hearing. On the other hand, the record further shows that Westbrook, during those years, steadily progressed from a police patrolman to a high position on the police force in the city of Chicago; that during that time he studied law and was admitted to practice law at the bar of Illinois; that he gained a great reputation for thoroughness and as a disciplinarian. His testimony before the court upon the hearing showed the utter absence of anything indicating mental irresponsibility. He detailed, with perfect clearness, all of the experiences of his life and progress in his chosen profession, and they nowhere show anything indicating a de-

ranged mind. The District Court saw him and heard his testimony, and we find nothing in the record to justify a reversal.

Judgment affirmed.